IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | 2:08cr002-MHT |
| | ) | [WO] |
| JOHN GARRY BOURNES | ) | |

**<u>ORDER OF DETENTION</u>**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a detention hearing on January 10, 2008, pursuant to the Government's *Motion for Detention* (Docs. 3 and 6). Based upon due consideration of all relevant evidence, the court detains Bournes pending trial.

**Part I -- Findings of Fact**

After this case was initiated through a criminal Complaint, the Grand Jury for the Middle District of Alabama returned an indictment against Bournes alleging his failure to register as a sex offender. The return of the indictment establishes probable cause to believe that the defendant failed to register as a sex offender, an offense for which a ten year term of imprisonment is prescribed in 18 U.S.C. § 2250. The Court finds no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. There is a serious risk that the defendant will not appear.

**Part II - Written Statement of Reasons for Detention**

The testimony before the Court establishes that Bournes was convicted on June 25, 1991, of Handling and Fondling a child under the age of 16 and sentenced to serve 15 years

imprisonment in the Florida Department of Corrections. Bournes is thus a sex offender who is required to register under the federal Sex Offender Registration and Notification Act (42 U.S.C. 16901 *et seq*.). Bournes is required to register with Florida authorities, once during his birth month and 6 months thereafter each year. Bournes knew about the registration requirement and confirmed his understanding of the registration process by signing a Florida Sex Offender Notice of Responsibilities form. Bournes failed to register as required in October 2006 and a warrant was issued for his arrest on March 27, 2007.

In November, 2007, Bournes took and failed the Alabama driver's license examination. Prior to taking the examination, Bournes gave his address in Prattville, Alabama and other information to the examiners. After Bournes left the Department of Motor Vehicles, (DMV) the examiners became aware of the outstanding warrant. DMV passed the information along to the Prattville Police Department. On November 13, 2007, an arrest warrant was issued for Bournes because he failed to register as a sex offender in Autauga County, Alabama. Officers arrested Bournes at his apartment in Prattville. The apartment manager said Bournes moved into the apartment during August, 2007. Bournes is listed in the national registry in Florida but is not registered in Alabama. Bournes told authorities he resided briefly in Louisiana and Utah before residing in Alabama. Bournes never registered as a convicted sex offender in Louisiana or Utah and did not register in Alabama until after his arrest in Prattville, Alabama. When authorities arrested Bournes on the Complaint at bar, he was living in a motel room in Montgomery, Alabama. Bournes has no job or other ties to the Middle District of Alabama.

After having duly considered all the evidence, the nature and circumstances of the offense charged, the weight of the evidence against the defendant and his history. The Court concludes there are no conditions or combination of conditions for release which will reasonably assure the safety of any other person and the community and which will ensure that he is not a flight risk. His lack of ties to this community increase the likelihood of flight.

Based on the foregoing considerations, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or protect the community and that the defendant should be detained.

## Part III - Directions Regarding Detention

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE THIS 11th day of January, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE