IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:08cr02-MHT |
| JOHN GARRY BOURNES | ) | (WO) |

ORDER

This cause is before the court on defendant John Garry Bournes's unopposed motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for March 17, 2008, should be continued pursuant to 18 U.S.C. § 3161(h)(8).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or

> indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

Id. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Id. § 3161(h)(8)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  Id. § 3161(h)(8)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Bournes's in a speedy trial. Additional investigation by both the government and

Bournes's counsel is necessary because of the potential that Bournes will face additional criminal charges in other districts. As a result, it will not be possible to resolve this case prior to the consent date for entering pleas pursuant to Federal Rule of Criminal Procedure 11(c)(1) because the government will need time to coordinate the resolution of this case with the cases in the other districts pursuant to Federal Rule of Criminal Procedure 20. This coordination of the prosecutions will allow Bournes and the government to resolve these cases in one proceeding. Finally, Bournes's counsel needs additional time to advise his client properly as to an appropriate resolution of this matter.

Accordingly, it is ORDERED as follows:

(1) Defendant John Garry Bournes's motion for continuance (doc. no. 19) is granted.

(2) The jury selection and trial, now set for March 17, 2008, are reset for June 23, 2008, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States

Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 19th day of February, 2008.


    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**