IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:08cr02-MHT |
| JOHN GARRY BOURNES | ) | (WO) |

OPINION AND ORDER

This cause is before the court on defendant John Garry Bournes's unopposed motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for June 23, 2008, should be continued pursuant to 18 U.S.C. § 3161(h)(8).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or

>       indictment with the commission of an
>       offense shall commence within seventy
>       days from the filing date (and making
>       public) of the information or
>       indictment, or from the date the
>       defendant has appeared before a judicial
>       officer of the court in which such
>       charge is pending, whichever date last
>       occurs."

Id. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. § 3161(h)(8)(A). In granting such a continuance, the court may consider, among other factors, "whether the case is so unusual or so complex, due to ... the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." Id. § 3161(h)(8)(B)(ii).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the

interest of the public and Bournes in a speedy trial. Bournes represents that, on June 5, 2008, the United States District Court for the District of Arizona held that the application of the Sex Offender Registration and Notification Act was a violation of the ex post facto clause of the United States Constitution. According to Bournes, the court also found that the Attorney General's Interim Regulation, 28 C.F.R. § 72.3, violated the Administrative Procedure Act, 5 U.S.C. § 553, and exceeded the delegation of congressional authority under the Commerce Clause. Bournes seeks to challenge the validity of the indictment in this court on similar grounds and needs additional time to prepare.

Government counsel has orally informed the court that the government does not object to a continuance.

Accordingly, it is ORDERED as follows:

(1) Defendant John Garry Bournes's motion for continuance (doc. no. 27) is granted.

(2) The jury selection and trial, now set for June

23, 2008, are reset for September 22, 2008, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

It is further ORDERED that defendant Bournes is allowed until June 27, 2008, to file any motion to dismiss to the indictment, and the magistrate judge shall enter a recommendation on the motion.

DONE, this the 19th day of June, 2008.

                          /s/ Myron H. Thompson
                       UNITED STATES DISTRICT JUDGE