IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )
    v.                      )   CRIMINAL ACTION NO.
                            )      2:08cr02-MHT
JOHN GARRY BOURNES          )         (WO)
```

OPINION AND ORDER

This cause is before the court on defendant John Garry Bournes's unopposed motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for September 22, 2008, should be continued pursuant to 18 U.S.C. § 3161(h)(8).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or

> indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

Id. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. § 3161(h)(8)(A). In granting such a continuance, the court may consider, among other factors, "whether the failure to grant such a continuance ... would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. § 3161(h)(8)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Bournes in a speedy trial.

Bournes represents that, on June 5, 2008, the United States District Court for the District of Arizona held that the application of the Sex Offender Registration and Notification Act was a violation of the ex post facto clause of the United States Constitution.  According to Bournes, the court also found that the Attorney General's Interim Regulation, 28 C.F.R. § 72.3, violated the Administrative Procedure Act, 5 U.S.C. § 553, and exceeded the delegation of congressional authority under the Commerce Clause.

Bournes represents that a motion to dismiss is currently before this court and that resolution of this motion is dispositive of this case.  Bournes's counsel, therefore, cannot properly advise Bournes regarding resolution of the matter until the motion has been resolved.  Bournes, therefore, needs more time to prepare for trial.  The court's decision is supported by the fact that the government does not oppose this motion.

Accordingly, it is ORDERED as follows:

(1) Defendant John Garry Bournes's motion for continuance (doc. no. 40) is granted.

(2) The jury selection and trial, now set for September 22, 2008, are reset for January 5, 2009, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 8th day of September, 2008.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**